# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-0620V
Filed: July 25, 2019
UNPUBLISHED

| | |
|---|---|
| ERNEST PERKINS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Findings of Fact; Onset; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*David Charles Richards*, Christensen & Jensen, P.C., Salt Lake City, UT, for petitioner.
*Ida Nassar*, U.S. Department of Justice, Washington, DC, for respondent.

### FINDINGS OF FACT[1]

**Dorsey**, Chief Special Master:

　　On May 1, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") in his left shoulder as a result of an influenza ("flu") vaccine administered on October 29, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, the undersigned finds the onset of petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. Specifically, petitioner suffered pain within 48 hours of vaccination.

## I.     Relevant Procedural History

In support of his claim, petitioner filed medical records (Exs. 2-7), his own affidavits (Exs. 1, 8, 12), and affidavits from his wife (Ex. 9, Joelle Perkins), father (Ex. 10, Ernest R. Perkins), and mother (Ex. 11, Ritva T. Perkins). Deadlines for respondent to report his position in the case were set following the May 23, 2018 initial status conference. Order, ECF No. 9; *see also* Docket Entries dated June 26, 2018, Aug. 24, 2018, and Oct. 29, 2018.

On January 28, 2019, respondent reported that he intended to defend the case and requested a deadline be set for his Rule 4(c) report. ECF No. 18. Respondent filed his Rule 4(c) report on March 29, 2019. Resp. Rep., ECF No. 20. In this report, respondent argues that petitioner has not met his burden of establishing that the onset of his shoulder injury occurred within 48 hours of his October 29, 2015 flu vaccination. *Id.* at 7.

Thereafter, the undersigned reviewed the evidence and determined that fact hearing or briefing would not be necessary. Order, ECF No. 21. A deadline was set for closing the record on the matter of onset. *Id.* In response, petitioner filed a supplemental affidavit. Ex. 12, ECF No. 22. The matter is now ripe.

## II.     Issue

At issue is whether petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination). Additionally, the Qualifications and aids to interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

## III.     Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1). A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Vaccine Act § 13(b)(2).

"Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Vaccine Act § 13(b)(1).  "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions.  With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

### IV.     Findings of Fact

The undersigned makes the finding after a complete review of the record to include all medical records, affidavits, respondent's Rule 4(c) report, and additional evidence filed.  Specifically, the undersigned bases the finding on the following evidence:

- Petitioner received the flu vaccine in his left deltoid on October 29, 2015.  Ex. 6.
- On April 28, 2016, petitioner was seen by family care practitioner, Dr. Rachel Hobbs, as a new patient establishing care.  Ex. 3 at 1.  At this visit, petitioner reported left shoulder pain.  *Id.*  Dr. Hobbs noted "He did have a [flu] vaccine in October.  He states that the following day he had some left shoulder pain."  *Id.*  Dr. Hobbs ordered and x-ray and MRI.  *Id.* at 5-6.
- The clinical history on the April 28, 2019 x-ray report reads "[p]ain after flu shot for six months."  Ex. 3 at 5.
- On May 16, 2016, petitioner presented to FitQuest for his first physical therapy ("PT") appointment.  Ex. 4 at 1.  Petitioner reported that he "received a flu shot in his L arm last October. He noticed pain, redness and swelling that cont'ed to worsen. In January pain got considerably worse."  *Id.*
- Petitioner averred that the day after his October 29, 2015 flu vaccination "I started to have pain in my left shoulder." Ex. 1 at ¶¶4-5.
- Petitioner's wife, Joelle Perkins, recalls that petitioner "complained to me on the day of his flu shot about the pain he was feeling and that he thought it had been administered too high on his arm." Ex. 9 at ¶2.
- Petitioner's mother, Ritva Perkins, recalls that petitioner "told us that the shot was administered too high on his arm, and that the flu shot was very painful during the injection and afterwards." Ex. 4 at ¶4.
- Petitioner's father, Ernest R. Perkins, recalls that the weekend following vaccination, petitioner told him that he "thought the shot was the direct cause of his [shoulder] pain & problems as it was not administered in a normal location." Ex. 10 at ¶7.

The above medical entries are consistent with petitioner's affidavit testimony that his left shoulder pain began at the time of, or the day after, he received the flu vaccine on October 29, 2015. The undersigned finds the sworn testimony of petitioner, his wife, mother, and father to be credible and in agreement with the contemporaneously created treatment records. As such, the undersigned finds preponderant evidence that the onset of petitioner's left shoulder injury occurred within 48 hours of his October 29, 2015 flu vaccination.

### V.     Petitioner's Motion for Hearing

On June 20, 2019, petitioner filed a motion for hearing regarding onset. Pet.'s Mot., ECF No. 20. Responsive briefing was timely filed. Resp.'s Resp., ECF No. 25; Pet.'s Reply, ECF No. 26.

In light of the above ruling in petitioner's favor, the undersigned deems petitioner's motion for hearing to be **MOOT**.[3]

### VI.    Scheduling Order

Respondent shall file a status report by **Thursday, September 5, 2019**, indicating whether he is interested in exploring an informal resolution of petitioner's claim.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Under the Vaccine Act, special masters have "wide discretion to determine whether to hold an evidentiary hearing." 42 U.S.C. § 300aa-12(d)(3)(B)(v) ("a special master ... may conduct such hearings as may be reasonable and necessary"); *Burns v. Sec'y of Health & Human Servs*, 3 F.3d 415, 417 (Fed. Cir. 1993); *D'Tiole v. Sec'y of Health & Human Servs*, 726 F.App'x 809, 812 (Fed. Cir. 2018). Special masters are not obligated to hold an evidentiary hearing before issuing an opinion. *Kreizenbeck v. Sec'y of Health & Human Servs.,* 141 Fed. Cl. 138, 139 (2018).